IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Case No. 4:07-cr-00208-TLW |
| v. | **Order** |
| Scottie Ray Edgeworth | |

This matter is before the Court on Defendant's amended motion for a reduction in his term of imprisonment pursuant to Guideline Amendment 750 and U.S. Sentencing Guidelines Manual § 1B1.10(c) (2014). ECF No. 551.

Defendant pled guilty to Conspiracy to Distribute 50 Grams or More of Cocaine Base, and at sentencing, his total offense level was a level 31[1] and his criminal history category was IV. His total offense level was calculated from a base offense level of 34 (he was held accountable for 1 kilogram of crack cocaine), less 3 levels for acceptance of responsibility. This would have resulted in a guideline range of 151–188 months, but because he was subject to a mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b)(1)(A), that mandatory minimum became his guideline sentence, as dictated by U.S. Sentencing Guidelines Manual § 5G1.1(b). The Court sentenced him to 240 months.

Several years later, the Court reduced his sentence to 144 months pursuant to the Government's Rule 35(b) motion.

Effective November 1, 2014, the Sentencing Commission amended § 1B1.10 (referred to as Amendment 780), which had the effect of resolving a circuit split regarding defendants who had previously received below-mandatory sentences based on substantial assistance. Under

---

[1] The Presentence Investigation Report reflected a total offense level of 33, but a 2-level gun enhancement was deleted at sentencing.

1

§ 5G1.1, if the guideline sentence range is lower than the statutory mandatory minimum, then the mandatory minimum becomes the guideline sentence. The Fourth Circuit had previously held that § 5G1.1 set the guideline sentence at the statutory minimum both before and after a retroactive amendment to the guidelines, so any departure based on substantial assistance would always start at that level. *See, e.g.*, *United States v. Hood*, 556 F.3d 226, 234–35 (4th Cir. 2009) (concluding that the defendant, who had previously received a § 5K1.1 reduction below the mandatory minimum, was not eligible for a reduction pursuant to the crack amendment because his sentence was based on the mandatory minimum, not "based on a sentencing range lowered by the Sentencing Commission"). Thus, any defendant who was subject to a mandatory minimum sentence, even if he had received a reduction for substantial assistance, generally did not get a further reduction following a retroactive amendment to the guidelines.

Amendment 780 changed this law. Under the new § 1B1.10(c), if the original sentencing judge had the authority to sentence below the mandatory minimum based on substantial assistance, then the new, retroactive guideline sentence would be calculated without regard to § 5G1.1, which set the guideline sentence at the mandatory minimum.

While this would initially appear to be in Defendant's favor, as he previously received a Rule 35(b) reduction for substantial assistance, a court may only modify a term of imprisonment within the limits imposed by Congress. Generally, a court may not modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582. However, an exception to this general rule is that a court may reduce a defendant's sentence when it involves "a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 18 U.S.C. § 3582(c)(2) (emphasis added).

Thus, evaluating a sentence reduction motion requires a two-step analysis. First, the court must determine whether the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* If so, then the second step is for the court to determine the new guideline range. It is during the second step that the new § 1B1.10 tells the court to calculate the new guideline range without regard to § 5G1.1. If the defendant does not pass the first hurdle, then the new § 1B1.10 does not come into play and the defendant is not entitled to relief.

As noted above, Defendant was held accountable for one kilogram of crack. Under the 2007 edition of the sentencing guidelines, which was in effect at the time of sentencing, one kilogram of crack resulted in a base offense level of 34. U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2007). After Amendment 750 to the guidelines, one kilogram of crack still results in a base offense level of 34. U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2013).[2] Under the 2007 edition, at least 500 grams but less than 1.5 kilograms of crack resulted in a base offense level of 34, while after Amendment 750, it took at least 840 grams but less than 2.8 kilograms of crack to obtain a base offense level of 34. While this increased threshold altered the base offense level for defendants who were held accountable for at least 500 grams but less than 840 grams of crack, the one kilogram of crack for which Defendant was held accountable falls within both ranges. Thus, because Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the Court is barred by § 3582 from reducing his sentence. *See United States v. Cross*, No. 11-4424, 2012 WL

---

[2] Pursuant to Amendment 782 to the guidelines, one kilogram of crack now results in a base offense level of 32. U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2014). Amendment 782 went into effect on November 1, 2014, but any order granting relief under this amendment will not go into effect until November 1, 2015. Defendant filed a motion under Amendment 782, ECF No. 574, and that motion will be addressed in a separate order.

10939205, at *1 (6th Cir. Sept. 5, 2012); *United States v. Reyes*, 361 F. App'x 461, 462 (4th Cir. 2010); *United States v. Almanza*, No. 2:92-cr-277-DAE, 2012 WL 5839508, at *2 (D. Nev. Nov. 16, 2012); *see also* U.S. Sentencing Guidelines Manual § 1B1.10 cmt. (1)(A) (2014) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).").

For the reasons stated, the Court concludes that Defendant is not entitled to relief under Amendment 750 and § 1B1.10(c). Accordingly, his motion for a sentence reduction, ECF No. 551, is **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 24, 2015
Columbia, South Carolina